**<u>EXHIBIT A</u>**


**CHAPTER 11 VOLUNTARY PETITION**
**FILED ON BEHALF OF CHRISTINE PERSAUD (MAY 26, 2010)**
**1-10-44815-ESS (DOCKET ENTRY # 1)**



Form B1, p.1 (01/08)　　　BlumbergExcelsior Inc. Publisher NYC 10013

| United States Bankruptcy Court<br><br>EASTERN　**District of**　New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Christine Persaud | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the debtor in the last 8 years (include maiden and trade names): | All Other Names used by the joint debtor in the last 8 years (include maiden and trade names): |
| Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all):　0247 | Last four digits of Soc. Sec. No./Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City and State):<br>86-25 Van Wyck Expressway<br>Apt 506<br><br>Jamaica NY　　　　　　ZIP CODE　11435 | Street Address of Joint Debtor (No. & Street, City and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business:<br>Queens |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):　　ZIP CODE | |

| Type of Debtor (Form of Organization)<br>(Check one box)<br><br>☒ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br><br>**Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (*the Internal Revenue Code*). | Nature of Business<br>(Check all applicable boxes)<br><br>☒ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. §101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | Chapter of Bankruptcy Code Under Which the Petition is Filed<br>(Check one box)<br><br>☐ Chapter 7　☒ Chapter 11　☐ Chapter 15 Petition for Recognition<br>☐ Chapter 9　☐ Chapter 12　　of a Foreign Main Proceeding<br>☐ Chapter 13　　　☐ Chapter 15 Petition for Recognition<br>　　　　　　　　of a Foreign Nonmain Proceeding |
|---|---|---|

| | Nature of Debts (check one box) | |
|---|---|---|
| | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose." | ☒ Debts are primarily business debts |

| **Chapter 11 Debtors**<br>**Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. §101(51D)<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. §101(51D)<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors in accordance with 11 U.S.C. § 1126(b). |
|---|

| **Filing Fee** (Check one box)<br><br>☒ Full Filing Fee attached.<br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee Waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. |
|---|

| Statistical/Administrative Information | | | | | | | | | THIS SPACE FOR COURT USE ONLY |
|---|---|---|---|---|---|---|---|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds for distribution to unsecured creditors. | | | | | | | | | |

| Estimated number of Creditors | 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|---|
| | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Form B1, p 2 (01/08)    BlumbergExcelsior Inc  Publisher NYC 10013

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | Christine Persaud |

| **All prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet)** | | |
|---|---|---|
| Location Where Filed: | Case Number | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e g  forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 134 and is requesting relief under chapter 11 ) | (To be completed if debtor is an individual whose debts are primarily consumer debts ) I  the attorney for the petitioner named in the foregoing petition  declare that I have informed the petitioner that [he or she] may proceed under chapter 7  11  12 or 13 of title 11, United States Code  and have explained the relief available under each such chapter   I further certify that I delivered to the debtor the notice required by §342(b) of the Bankruptcy Code |
| ☐  Exhibit A is attached and made part of this petition | <u>John Macron, Macron & Cowhey, P.C</u>      <u>05/24/2010</u> <br> Signature of Attorney for Debtor(s).                          Date: |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes  and Exhibit C is attached and made a part of this petition

☒  No

**Exhibit D**

(To be completed by every individual debtor  If a joint petition is filed  each spouse must complete and attach a seperate Exhibit D )

☐  Exhibt D completed and signed by the debtor is attached and made a part of this petition

If this is a joint petition:

☐  Exhibit D also completed and signed by the joint debtor is attached and made part of this petition

**Information Regarding the Debtor-Venue**
(Check any applicable box)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately proceeding the date of this petition or for a longer part of such 180 days than in any other District

☐  There is a bankruptcy case concerning debtor's affiliate  general partner or partnership pending in this District

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business, or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District

**Statement by a Debtor Who Resides as a Tenant of Residential Property**
*(Check all applicable boxes)*

☐  Landlord has a judgment against the debtor for possession of debtor's residence  (If box checked  complete the following )

Name of landlord that obtained judgment:

Address of landlord:

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession  after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition

☐  Debtor certifies that he/she has served the Landlord with this certification  (11 U S C  § 362(1))

 **Form B1, p.3 (01/08)**    **Blumberg**Excelsior Inc  Publisher  NYC 10013

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>Christine Persaud |
|---|---|

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by §342(b) of the Bankruptcy Code

I request relief in accordance with the chapter title 11, United States Code, specified in this petition

X  Christine Persaud
Signature of Debtor

X
Signature of Joint Debtor

Telephone Number (If not represented by attorney)
_____ 05/24/2010
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition

(Check only one box )

☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by §1515 of title 11 are attached

☐  Pursuant to §1511 of title 11, United States Code I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

05/24/2010
Date

### Signature of Attorney

X  John Macron, Macron & Cowhey, P.C.
Signature of Attorney for Debtor(s)
Printed Name of Attorney for Debtor(s)
John J. Macron, Esq.
Firm Name
Macron & Cowhey, P.C.
Address
257 Beach 116th Street, Suite 203
Rockaway Park, NY 11694
Telephone Number
718-474-0111
Date  05/24/2010
*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor(Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

Date  05/24/2010

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in U.S.C. §110; (2) I prepared this document for compensation and have provided the debtor with a copy of this coument and the notices and information required under 11 U.S.C. §§110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. §110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor as required in that section  Official Form 19B is attached

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social Security number(If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer )(Required by 11 U.S.C. §110 )
Address

X _____
Date  05/24/2010
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110, 18 U.S.C. §156.*



Form B4W (12/07)    **Blumberg**Excelsior Inc  Publisher NYC 10013

**UNITED STATES BANKRUPTCY COURT**  EASTER**N**  **DISTRICT OF**  New York

Christine Persaud

Debtor(s)    Case No

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C.§101(30) or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian  such as "A B  a minor child by John Doe, guardian   Do not disclose the child's name  See  11 U S C § 112 and Fed R  Bankr  P 1007(m).

| (1)<br>NAME OF CREDITOR AND COMPLETE MAILING ADDRESS INCLUDING ZIP CODE | (2)<br>NAME, TELEPHONE NUMBER AND COMPLETE MAILING ADDRESS, INCLUDING ZIP CODE OF EMPLOYEE AGENT, OR DEPARTMENT OF CREDITOR FAMILIAR WITH CLAIM. | (3)<br>NATURE OF CLAIM<br>(trade debt, bank loan, government contract, etc) | (4)<br>C<br>U<br>S<br>D | (5)<br>AMOUNT OF CLAIM<br>(if secured also state value of security) |
|---|---|---|---|---|
| Internal Revenue Service<br>1 Lefrak City Plaza<br>59-17 Junction Blvd<br>Corona, NY 11368 | | | D | 487,979.91 |
| NYS Workers' Compensation Bd<br>Finance Office Room 301<br>20 Park Street<br>Albany, NY 12207 | | | D | 102,000.00 |
| NY State Dept Tax and Financ<br>Bankruptcy Section<br>PO Box 5300<br>Albany, NY 12205-0300 | | | D | 75,000.00 |
| JP Morgan Chase Bank, N A.<br>501 Mamaroneck Avenue<br>White Plains, NY 10605 | | | D | 51,145.68 |
| State of NY- Dept of Labor<br>138-60 Barclay Avenue<br>Flushing, NY 11355 | | | D | 24,775.00 |
| American Express<br>P.O. Box 297879<br>Ft. Lauderdale, FL 33329-7879 | | | D | 354.00 |
| Mendel Zilberberg & Associat<br>6619 Thirteenth Avenue<br>Brooklyn, NY 11219 | | | D | |
| Law Offices of Tenzer & Luni<br>1775 Broadway, Suite 608<br>New York, NY 10019 | | | D | |
| Bruce Frankenberg, Marshal<br>City of New York<br>205-07 Hillside Ave, Room 29<br>Hollis, Queens, NY 11423 | | | D | |
| Ann Samoleski<br>Michael A. Cervini, Esq.<br>40-24 82nd Street<br>Jackson Heights, NY 11372 | | | D | |

(4) C U D S"  If contingent, enter C; if unliquidated, enter U; if disputed, enter D; if subject to setoff, enter S       * Value of secured portion of claim

 Form B4W (12/07)          **Blumberg**Excelsior Inc Publisher NYC 10013

Christine Persaud                                    Debtor(s)    Case No

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## SIGNATURE PAGE

Date: 05/24/2010                    Christine Persaud
                                    Debtor

Date: 05/24/2010
                                    Co-debtor

## <u>EXHIBIT B</u>

**ORDER CONVERTING CASE FROM CHAPTER 11 TO 7
(APR. 8, 2011), 1-10-44815-ESS (DOCKET ENTRY # 161)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re                                          :                    Chapter 11
                                               :
CHRISTINE PERSAUD,                             :
                                               :                    Case No. 10-44815 (ESS)
                                               :
                          Debtor.              :
-----------------------------------------------------X

## ORDER CONVERTING CASE

Upon the motion of Tracy Hope Davis, United States Trustee for Region 2, filed on November 22, 2010 to convert or dismiss this case, pursuant to 11 U.S.C. § 1112(b)(4), upon the hearings held before this Court on December 14, 2010, January 5, 2011, February 2, 2011, March 10, 2011 (the "March 11th Hearing") and April 7, 2011, upon the Debtor's express statement at the March 11th Hearing that the Debtor consented to conversion of the case to chapter 7 if the Debtor failed to become current on post-petition taxes on or before April 6, 2011, upon the Debtor's failure to become current on post-petition taxes on or before April 6, 2011 and it appearing that appropriate notice has been given, and cause existing for the relief requested, it is

ORDERED that the case of Christine Persaud, commenced under chapter 11 of the Bankruptcy Code, be and hereby is converted to a case under chapter 7 pursuant to 11 U.S.C. § 1112(b); and it is further

ORDERED, that the Debtor shall file (i) a schedule of unpaid debts incurred after the commencement of the chapter 11 case within 15 days of the date of this order, and (ii) a final report within 30 days of the date of this order, pursuant to Fed. R. Bankr. P. 1019(5).



**Dated: Brooklyn, New York**
        **April 8, 2011**

                                    **Elizabeth S. Stong**
                         **United States Bankruptcy Judge**

**EXHIBIT C**

**NOTICE OF APPOINTMENT OF JOHN S. PEREIRA AS TRUSTEE
(APR. 13, 2011), 1-10-44815-ESS (DOCKET ENTRY # 163)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- x
In re:                                          :
                                                :      Case No. 10-44815 (ESS)
CHRISTINE PERSAUD                               :
                                                :      (Chapter 7)
                              Debtor.           :
-------------------------------------------------------- :
                                                x

## NOTICE OF APPOINTMENT OF TRUSTEE

To:     John S. Pereira, Esq.
        c/o Pereira & Sinisi
        The Chrysler Building
        405 Lexington ave 7th Floor
        New York, NY 10174

        The United States Trustee hereby appoints you as interim trustee, under 11 U.S.C. §
701(a), in the above entitled case which was filed as a chapter 11 case on May 26, 2010 and
converted to a case under chapter 7 on April 8, 2011.

        You are covered by the Chapter 7 Blanket Bond, issued by the Liberty Mutual Insurance
Company, which is on file with the Office of the United States Trustee for the Eastern District of
New York, Brooklyn Division.  *See* 11 U.S.C. 322(a) and Fed. R. Bankr. P. 2010.  In addition,
because your blanket acceptance of appointment is on file, you are required to notify the
undersigned in writing within seven days after receipt of this notice only if you reject this
appointment.  *See* Fed. R. Bankr. P. 2008 and 2010(a).

Dated: Brooklyn, New York
        April 13, 2011

                                TRACY HOPE DAVIS
                                UNITED STATES TRUSTEE FOR REGION 2

                        By:     */s/ Alicia M. Leonhard*
                                Alicia M. Leonhard (AL-9928)
                                Assistant United States Trustee
                                271 Cadman Plaza East, Suite 4529
                                Brooklyn, New York 11201
                                Tel. No. 718.422.4960
                                Fax No. 718.422.4990
                                Alicia.M.Leonhard@usdoj.gov

**EXHIBIT D**

**COMPLAINT BY ABRAHAM KLEIN AGAINST JOHN S. PEREIRA
(SEP. 9, 2011), 1-11-01456-ESS (DOCKET ENTRY # 1)**

Mendel Zilberberg, Esq.
MENDEL ZILBERBERG & ASSOCIATES, P.C.
6619 Thirteenth Avenue
Brooklyn, New York 11219
Telephone (718) 256-2000
Facsimile (718) 256-7900
Email: mz@amalgamail.com
*Counsel for Creditor and Plaintiff Abraham Klein*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

*In re*:

      CHRISTINE PERSAUD,

           Debtor.

-----------------------------------------------------------x

ABRAHAM KLEIN,

           Plaintiff,

    - against -

JOHN S. PEREIRA, CHAPTER 7 TRUSTEE
FOR DEBTOR CHRISTINE PERSAUD

-----------------------------------------------------------x

Chapter 7

Case No: 10-44815-ess

Adv. Proc. No. _____

**COMPLAINT**

      Creditor and Plaintiff Abraham Klein (hereinafter referred to as "Plaintiff Klein" or "Plaintiff"), by his attorneys of record, Mendel Zilberberg & Associates, P.C., in and as for his Complaint against John S. Pereira, the Chapter 7 Trustee for Debtor Christine Persaud (hereinafter referred to as "Debtor Persaud"), hereby alleges as follows:

**JURISDICTION, VENUE AND STATUTORY BASIS**

    1.    This adversary proceeding is commenced pursuant to Rule 7001, et seq. of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule").

2.      Pursuant to 28 U.S.C. § 1334, the Court has subject matter jurisdiction over this adversary proceeding, which we respectfully submit is a non-core proceeding within the meaning of 28 U.S.C. § 157(c)(1).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1408.

## PRELIMINARY STATEMENT

4.      This action seeks a declaratory judgment that:

    a.  Caring Home Care, its successors and assigns, including Caring LHCSA, LLC,[1] (hereinafter referred to as "Caring"), is not property of Debtor Persaud's Bankruptcy Estate (hereinafter referred to as the "Estate") based on the Arbitration Award dated March 31, 2009, 2009  (hereinafter referred to as the "Award") which was confirmed by the Supreme Court of the State of New York, County of Kings, on April 17, 2009;

    b.  that the Award affirmatively left Debtor Persaud no interest in Caring;

    c.   that said Award is in full force and effect;

    d.  therefore, that the Chapter 7 Trustee has no interest in Caring;

    e.  and that the Orders to Show Cause brought by the Chapter 7 Trustee for Bankruptcy Rule 2004 examinations of Creditor Klein, Mel , Philip Gottehrer, Caring Home Care Agency and Joel Klein, as well as the production of certain records relating to Caring Home Care Agency, be disapproved.

5.      The related Bankruptcy Proceeding (In re Christine Persaud, Index No. 10-

---

[1] The transfer of Caring Home Care, a sole proprietorship, from Debtor Persaud to Creditor Klein was best accomplished by forming an LLC. In fact, Creditor Klein chose to retain the Caring name. Thereafter, towards the end of 2010, Creditor Klein chose to move the offices of the company, and entered into a lease for the new premises. These changes were made by Creditor Klein publicly, as of right, and in a forthright and  honest way.

44815), has numerous pending motions and actions before this Court that must be resolved to properly allow for the orderly administration of the estate.

6.      In a series of Orders to Show Cause brought by the Chapter 7 Trustee on August 24, 2011, the Chapter 7 Trustee repeatedly states that Debtor Persaud owns Caring.

7.      Because Plaintiff Klein feels that the Award granted him exclusive ownership of Caring and because this predicate issue will affect many of the issues before the Court, Plaintiff Klein feels that this threshold issue should be addressed by the Court.

8.      The intent of this request for declaratory judgment and the related filings thereto is to resolve a threshold matter that will inform and hopefully lead to untangling some of the factors that may appear to be frustrating the proper administration of the Estate.

9.      It is clearly not the intent of Plaintiff Klein to in any way complicated the Bankruptcy proceeding, rather, the intent is to streamline the administration of the Estate.

10.     Accordingly, in recognition of the fact that the Court has already been presented with the detailed background of this procedurally complicated matter in the various pleadings already before the Court, efforts will be made to keep this Complaint and any related filings brief.

## **PROCEDURAL BACKGROUND**

11.     For more than one year prior to the Debtor's bankruptcy filing, Debtor Persaud and Plaintiff Klein were involved in an action brought by Plaintiff Klein against Debtor Persaud (*In re* Klein v. Persaud) in front of the Supreme Court of the State of New York, County of Kings (the "Kings County Court"), for the confirmation of an Arbitration Award dated March 31, 2009 (the "Award"). The Supreme Court of the State of New York, County of Kings, confirmed said Award on April 17, 2009.

12.     On May 4, 2009, Debtor Persaud by her attorney's appealed the confirmation of the Award before the Appellate Division Second Department.

13.     On May 26, 2010, Debtor Persaud filed a voluntary Petition for relief under Chapter 11 of the Bankruptcy Code.

14.     On April 8, 2011, the Court converted this case into a Chapter 7 case.

15.     On April 13, 2011, the Court appointed John S. Pereira, Esq. as Chapter 7 Trustee (the "Chapter 7 Trustee").

16.     On May 10, 2011, the Appellate Division Second Department found that the Award should be remanded to the State Supreme Court for a confirmation hearing without upsetting or in any way attacking the Award.

17.     On August 4, 2011, Creditor Klein filed a Motion for an Order Declaring Void and of no effect certain decisions from the Supreme Court of the State of New York that were raised issued in violation of the Automatic Stay.

18.     On August 24, 2011, the Chapter 7 Trustee filed Orders to Show Cause for orders authorizing Bankruptcy Rule 2004 examinations on Creditor Klein, Mel Escobar (Caring Home Care Agency's Administrator), Joel Klein (Caring Home Care Agency's Public Relations Director), Philip Gotterhrer (Caring Home Care Agency's Compliance Officer/Manager), and a corporate representative of Caring Home Care Agency.

19.     The Award has not been set aside by any Court and therefore remains binding upon all parties thereto.

**FIRST COUNT—PLAINTIFF SEEKS A DECLARATORY JUDGMENT CONFIRMING THAT THE AWARD GRANTD PLAINTIFF KLEING THE TOTAL OWNERSHIP OF CARING AND AFFIRMATIVELY LEFT DEBTOR PERSAUD WITHOUT ANY RESIDUAL INTEREST IN CARING**

20.    The Arbitrator, in the Award retained jurisdiction on the matter, as the Award set forth, "It is further ordered that I retain jurisdiction in this matter to effectuate the intent of this Award." (Attached hereto as <u>Exhibit</u> 1).

21.    The Award, in its finding of facts, the Arbitrator set forth that "it is appropriate to unwind the relationship of these parties in a matter that comports with the Public Health Law." (<u>Exhibit</u> 1 ¶ 26).

22.    In the Award, the Arbitrator found, *inter alia*, that:

(a)    "That [Creditor Klein] had entered into various agreements in accordance with [which] he paid $100,000 to [Debtor Persaud] for his obtaining a one half interest in Caring and in a partnership with [Debtor Persaud]."

(b)    That, "pursuant to the Agreement with [Debtor Persaud], on a temporary basis until proper financing could be obtained, [Creditor Klein] invested an additional $788,165 in capital to the Caring and Liberty enterprises."

(c)    That, "based on the Agreements between him and [Debtor Persaud], there was an additional $1,324,702.28 due to [Creditor Klein] as of February 27, 2009."

(d)    That, "in addition, because of [Debtor Persaud's] failure to allocate certain moneys per the Agreement, [Creditor Klein] testified and demonstrated that an additional sum of $99,388.65 is due and owing as of February 27, 2009."

(e)    "That [Debtor Persaud] withdrew all of her potential entitlement to any income from Caring during the period of [Creditor Klein] being an interest holder in Caring, so that all present monies in Caring including all receivables of Caring belong to [Creditor Klein] in accordance with the Agreement."

(f)    "That [Debtor Persaud] did not administer Caring in accordance with her obligations under the terms of the Agreement."

(g)    "That [Debtor Persaud] induced [Creditor Klein] to invest into the Liberty enterprise and agreed with [Creditor Klein] that the same terms of the Agreement in place with [Debtor Persaud] and Caring would be the terms of agreement between them as to the

Liberty enterprise."

(h) "That Liberty, at least in part, used the resources of Caring in the operation of its business."

(i) "That [Debtor Persaud] did not adhere to the terms of the Agreements between [Creditor Klein] and [Debtor Persaud] in the Caring deal with respect to Liberty."

(j) That, "after the Agreement was executed, [Creditor Klein] proceeded to take such measures as were required by the Agreement, so as to file an application with the New York State Department of Health so as to be approved as a licensed operator of Caring."

(k) That, "[Creditor Klein] was advised by his special counsel on the licensing issue that the Agreement had to be modified somewhat and redone so as to meet the requirements of the agency with jurisdiction over Caring, the New York State Department of Health ("DOH")."

(l) That, "the Agreement contemplates that the parties, [Debtor Persaud] and [Creditor Klein] would take such steps as may be required to effectuate the terms of the Agreement including obtaining the requisite approvals of the agencies having jurisdiction over such entities."

(m) That, "[Creditor Klein] advised [Debtor Persaud] of his counsel's advice as to modifying the Agreement and [Debtor Persaud] undertook to have this matter reviewed by her own counsel."

(n) That, "[Debtor Persaud] thereafter promised to have the agreements redone so as to meet the requirements of the DOH."

(o) "That it is impossible for the parties to work together based upon the actions of [Debtor Persaud] in the days up to the arbitration."

(p) "That it is appropriate to unwind the relationship of these parties in a matter that comports with the Public Health Law."

Exhibit 1, p. 3-5.

23.    Based on said findings, the Arbitrator ruled as follows with respect to Plaintiff

Klein:

"[Plaintiff] Klein has a 50% ownership interest in both Caring and Liberty in accordance with the terms of the Agreement, subject to the approvals of the agencies with jurisdiction, which interest in Liberty shall cease as soon as he, or his designee, is approved by the agencies with jurisdiction to be the sole operator of Caring." (<u>Exhibit</u> 1, pg. 7).

24.    Furthermore, the Arbitrator granted to Plaintiff Klein:

"Irrespective of [Plaintiff Klein's] ownership rights in Caring and Liberty, [Plaintiff Persaud], Caring and Liberty owe Klein the amount of $2,172,607.58, irrespective of any partnership or ownership interest that [Creditor Klein] has in these two entities and that [Creditor Klein] should have a judgment for such $2,172,607.58 against them jointly and severally." (<u>Exhibit</u> 1, og. 7.)

25.    The section in the Award set forth in paragraph 7 (above), clearly evidences the Arbitrators position that Plaintiff Klein initially had partnership and ownership interests in both entities, e.g. Caring and Liberty.

26.    Based on said findings, the Arbitrator ruled as follows with respect to Debtor Persaud:

"If [Debtor Persaud] works at and for the benefit of Caring during the pendency of the license transfer, for and at the offices of Caring, for a minimum of 30 hours per week, she will be entitled to compensation of $1,000 per week and ***no more for any reason until the provisions of this Award are fully complied with and thereafter she has no residual interest or rights in Caring***." (<u>Exhibit</u> 1, pg. 8).

27.    Debtor Persaud did not work the requisite thirty hours a week at Caring.

28.    Debtor Persaud was thus not entitled to the $1,000 weekly payments.

29.    Debtor Persaud never claimed that she was owed the $1,000 weekly payments, in either any invoice to Caring or any claim brought in any Court of competent jurisdiction.

30.    Debtor Persaud did not at any time avail herself of the Arbitrators retained jurisdiction to make a claim for the $1,000 weekly payments.

31.     Debtor Persaud does not have any claim against Caring or Plaintiff for $1,000 weekly payments.

32.     Pursuant to the Award, Debtor Persaud did not have any residual interest or rights in Caring.

33.     Pursuant to the Award, Debtor Persaud does not have any equitable interest in Caring.

34.     Moreover, according to the ruling and Award of the Arbitrator,

> "At such time that [Creditor Klein] is approved as the sole operator of Caring by the agencies with jurisdiction, [Debtor Persaud] shall then become the owner of Liberty free and clear of any equity claims of [Creditor Klein] therein." (Exhibit 1, p. 7-8).

35.     It is clear that Plaintiff Klein was given ownership of Caring.

36.     It is clear that Debtor Persaud did not retain any ownership or residual interest in Caring.

37.     During extensive and lengthy state court actions and proceedings – which were only stayed due to the Debtor's instant bankruptcy filing – all parties involved understood and interpreted the Award according to its plain meaning, *i.e.*, conveying 100% ownership of Caring Home Care Agency ("Caring") to Creditor Klein, and 100% ownership of Liberty Home Care Nurses Employment Agency ("Liberty") to Debtor Persaud.

38.     Even Debtor Persaud's attorney, Mathew Naparty, Esq., in an Affirmation to the Supreme Court, Kings County dated April 29, 2009, understood that the Award granted Plaintiff 100% ownership interest in Caring.

39.     Debtor Persaud's attorney Mr. Naparty set forth in said Affirmation to the Supreme Court, Kings County that the Award granted Plaintiff 100% ownership in Caring.

40.     Thereafter, Debtor Persaud's Appellate attorney Stephen Preziosi, Esq.,

understood that the Award granted Plaintiff 100% ownership interest in Caring.

41.     Debtor Persaud's attorney Mr. Preziosi, set forth in his Appellate Brief submitted

to the Appellate Division, Second Department dated May 3, 2010, that the Award granted

Plaintiff 100% ownership interest in Caring.


**SECOND COUNT—EVEN IF ARGUENDO THE COURT FEELS THAT THE AWARD
MAY BE SUBJECT TO AN ALTERNATE READING THAT GIVES DEBTOR
PERSAUD AN INTEREST IN CARING, PLAINTIFF KLEIN IS STILL ENTITLED TO
THE REQUESTED DECLARATORY JUDGMENT BASED ON THE BINDING
JUDICIAL ADMISSIONS OF DEBTOR PERSAUD'S COUNSEL**

42.     The Award, according to its plain meaning, conveyed 100% ownership of

Caring Home Care Agency ("Caring") to Plaintiff Klein, and 100% ownership of Liberty Home

Care Nurses Employment Agency ("Liberty") to Debtor Persaud.

43.     In fact, at least two of the numerous attorneys retained by Debtor Persaud for the

matter in front of the Kings County and the Appellate Division, Second Department freely

admitted that the Award conveyed 100% ownership of Caring to Plaintiff Klein.

44.     According to Mr. Naparty, in an Affirmation submitted to the Supreme Court

Kings County dated April 29, 2009, he noted that,

> "[The Arbitrator] held that should Ms. Persaud not comply with this
> award within 30 days, Klein's counsel would be appointed power of
> attorney to sign Ms. Persaud's name to such documents and applications
> to the Department of Health **for the transfer of Caring's license to Mr.
> Klein** without Ms. Persaud's signature."  (emphasis added).

45.     Furthermore, in an Affirmation by Mr. Naparty dated May 4, 2009 submitted to

the Kings County Court and the Appellate Division, Second Department, admitted that:

> "[The Arbitrator] ordered that Klein can attach all the receivables due to

Caring and Liberty until the $2,172,607.58 is paid; that Klein has a 50% ownership in both Caring and Liberty, until he is approved by the agencies with jurisdiction and then **he would become the sole owner of Caring**; and that the whole of Caring and Liberty are security to Klein…" (emphasis added).

46. Additionally, in Debtor Persaud's Appellate Brief dated May 3, 2010 submitted to the Appellate Division, Second Department, the admission was once again made that:

"Furthermore, Mr. Neiman ordered that Klein can attach all the receivables due to Caring and another company owned by Ms. Persaud called Liberty until the $2,172,607.58 is paid; he ordered that Klein has a 50% ownership in both Caring and Liberty, until he is approved by the agencies with jurisdiction and then he would become the sole owner of Caring."

47. Debtor Persaud by her attorney Mr. Preziosi, in her Appellate Brief submitted to the Appellate Division, Second Department further admitted that:

"In this case the arbitrator exceeded his power when, despite the express limitations contained in the purported agreement, the arbitrator awarded $2,172,607.58 **plus 100% ownership of Caring Home Care Agency** after Mr. Klein received all necessary State approvals."(emphasis in original).

48. Once again, Debtor Persaud by her attorney Mr. Preziosi, in her Appellate Brief dated May 3, 2010 submitted to the Appellate Division, Second Department that:

"The arbitrator's award of over Two Million Dollars plus 100% ownership of Caring Home Care Agency is in direct contradiction to the expressed limitations of damages set out in the purported agreement….Furthermore, aside from going beyond the contract to award Mr. Klein 100% ownership of Caring, he also awarded Klein $2,172,607.58 based on alleged other amounts given by Mr. Klein to Caring.".

49. The admissions made by Debtor Persaud's attorney's are binding on Debtor Persaud.

50. The admissions made by Debtor Persaud's attorney's in sworn affirmations submitted to the Court are binding on this Court as a matter of law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Klein respectfully requests declaratory judgment that: (a) Caring was given to Plaintiff; (b) by affirmative ruling of the Arbitrator Debtor Persaud was left with no residual interest in Caring; (c) as the Chapter 7 Trustee's property rights stem from and are limited to the rights of Debtor Persaud that Caring is not property of the estate; (d) that Debtor Persaud had no ownership interest in Caring at the time of the conversion to Chapter 7; and (e) thereby the Chapter 7 Trustee has no ownership interest in Caring.

Dated: Brooklyn, New York.
       September 9, 2011

                              MENDEL ZILBERBERG & ASSOCIATES, P.C.
                              *Attorneys for Plainitiff Abraham Klein*

                              By:     s/ Mendel Zilberberg
                                      Mendel Zilberberg (MZ-6625)
                                      6619 Thirteenth Avenue
                                      Brooklyn, New York 11219
                                      Telephone (718) 256-2000
                                      Facsimile (718) 256-7900
                                      Email: mz@amalgamail.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

*In re*:                                                Chapter 7

     CHRISTINE PERSAUD,                    Case No: 10-44815-ess

           Debtor.

-------------------------------------------------------------x

ABRAHAM KLEIN,

           Plaintiff,                  Adv. Proc. No. _____

    - against -

JOHN S. PEREIRA, CHAPTER 7 TRUSTEE
FOR DEBTOR CHRISTINE PERSAUD                 **COMPLAINT**

-------------------------------------------------------------x

# **EXHIBITS 1**

### **\*\*\*Please be advised that**
### **the exhibits are available upon request\*\*\***

**MENDEL ZILBERBERG & ASSOCIATES, P.C.**
*Attorneys for Plaintiff Abraham Klein*

6619 Thirteenth Avenue
Brooklyn, New York 11219
Telephone (718) 256-2000

## EXHIBIT E

**ANSWER AND COUNTERCLAIMS FILED BY JOHN S. PEREIRA**
**(OCT. 14, 2011), 1-11-01456-ESS (DOCKET ENTRY # 8)**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
In re:                                          Case #10-44815-663

CHRISTINE PERSAUD,                                      Chapter 7


              Debtor.
-------------------------------------X

ABRAHAM KLEIN,

              Plaintiff,                         A/P #11-01456

          -against-

JOHN S. PEREIRA, CHAPTER 7 TRUSTEE
OF DEBTOR CHRISTINE PERSAUD,                    **ANSWER and COUNTERCLAIMS**

              Defendant.

-------------------------------------X

        JOHN  S.  PEREIRA  Chapter  7  Trustee  of  CHRISTINE  PERSAUD
("Defendant"),  by  and  through  his  undersigned  Counsel,  answers  the
Complaint filed by Abraham Klein ("Plaintiff") and states as follows:


              **JURISDICTION, VENUE AND STATUTORY BASIS**


_____1.    Paragraph "1" of the Complaint sets out the Bankruptcy Rule
under  which  this  adversary  proceeding  is  commenced  and  includes  a
statement that does not require a response.

        2.    Paragraph  "2"  of  the  Complaint  provides  a  basis  for
jurisdiction and includes a statement that does not require a response
except  that  Defendant  denies  that  this  is  a  non-core  proceeding.

        3.    Paragraph "3" of the Complaint provides a basis for  venue, and
Defendant admits that venue is proper.


                    **PRELIMINARY STATEMENT**


        4.    Paragraph "4" of the Complaint provides a description of the
Complaint and its causes of action and does not require a response; to
the extent a response is required, Defendant denies the allegations set

forth in Paragraph "4" of the Complaint.

    5.  Defendant admits the allegations set forth in Paragraph "5" of the Complaint but adds that the administration of the estate of Christine Persaud, Index #10-4485 requires an investigation into the operations of Caring and a complete accounting from Caring and Abraham Klein.

    6.  Defendant Admits the allegations set forth in Paragraph "6" of the Complaint.

    7.  Paragraph "7" sets out a statement of Plaintiff's feelings and does not require a response from Defendant.

    8.  To the extent that Paragraph "8" sets out Plaintiff's intent, no response is required.  However, to the extent that Plaintiff speculates as to where the result of his request will lead, Defendant denies the allegations set forth in Paragraph "8" of the Complaint.

    9.  Defendant denies knowledge or information sufficient to form a belief as to Plaintiff's intention stated in Paragraph "9" of the Complaint.

    10.  To the extent that Paragraph "10" of the Complaint attempts to establish what Plaintiffs efforts will be, there is no response required from Defendant.  To the extent that a response is required, Defendant denies the allegations set forth in Paragraph "10" of the Complaint.

## PROCEDURAL BACKGROUND

    11.  Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegation in Paragraph "11" of the Complaint.

    12.  Defendant denies knowledge or information sufficient to form belief as to the truthfulness and accuracy of the allegations in Paragraph "12" of the Complaint.

    13.  Defendant Admits the allegations in Paragraph "13" of the Complaint.

    14.  Defendant Admits the allegations in Paragraph "14" of the Complaint.

15.    Defendant Admits the allegations in Paragraph "15" of the Complaint.

16.    Defendant denies the allegations in Paragraph "16" of the Complaint.

17.    Defendant denies knowledge or information sufficient to form as belief as to the truthfulness and accuracy of the allegations in Paragraph "17" of the Complaint.

18.    Defendant Admits the allegations in Paragraph "18" of the Complaint.

19.    Defendant Denies the allegations in Paragraph "19" of the Complaint.

**FIRST COUNT-PLAINTIFF SEEKS A DECLARATORY JUDGMENT CONFIRMING THAT THE AWARD GRANTED PLAINTIFF KLEIN TOTAL OWNERSHIP OF CARING AND AFFIRMATIVELY LEFT DEBTOR PERSAUD WITHOUT ANY RESIDUAL <u>INTEREST IN CARING</u>**

20.    Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegations in Paragraph "20" of the Complaint.  Further, the statements contained therein are moot and of no force and effect because the order which confirmed the Arbitration Award has been vacated and set aside pursuant to the decision and order of the Appellate Division, Second Department dated May 11, 2011 (hereinafter "the Decision").  A copy of the Decision is annexed hereto as Exhibit "A".

21.    Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegations in Paragraph "21" of the Complaint.  Further, the statements contained therein are moot and of no force and effect because the order which confirmed the Arbitration Award has been vacated and set aside pursuant to the Decision.

22.    Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegations in Paragraph "22" of the Complaint.  Further, the statements contained therein are moot and of no force and effect because the order which

confirmed the Arbitration Award has been vacated and set aside pursuant to the Decision.

23.  Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegations in Paragraph "23" of the Complaint.  Further, the statements contained therein are moot and of no force and effect because the order which confirmed the Arbitration Award has been vacated and set aside pursuant to the Decision.

24.  Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegations in Paragraph "24" of the Complaint.  Further, the statements contained therein are moot and of no force and effect because the order which confirmed the Arbitration Award has been vacated and set aside pursuant to the Decision.

25.  Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegations in Paragraph "25" of the Complaint.  Further, the statements contained therein are moot and of no force and effect because the order which confirmed the Arbitration Award has been vacated and set aside pursuant to the Decision.

26.  Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegations in Paragraph "26" of the Complaint.  Further, the statements contained therein are moot and of no force and effect because the order which confirmed the Arbitration Award has been vacated and set aside pursuant to the Decision.

27.  Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegations in Paragraph "27" of the Complaint.  Further, the statements contained therein are moot and of no force and effect because the order which confirmed the Arbitration Award has been vacated and set aside pursuant to the Decision.

28.  Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegations in

Paragraph "28" of the Complaint. Further, the statements contained
therein are moot and of no force and effect because the order which
confirmed the Arbitration Award has been vacated and set aside pursuant
to the Decision.

29. Defendant denies knowledge or information sufficient to form
a belief as to the truthfulness and accuracy of the allegations in
Paragraph "29" of the Complaint. Further, the statements contained
therein are moot and of no force and effect because the order which
confirmed the Arbitration Award has been vacated and set aside pursuant
to the Decision.

30. Defendant denies knowledge or information sufficient to form
a belief as to the truthfulness and accuracy of the allegations in
Paragraph "30" of the Complaint. Further, the statements contained
therein are moot and of no force and effect because the order which
confirmed the Arbitration Award has been vacated and set aside pursuant
to the Decision.

31. Defendant denies the allegations in Paragraph "31" of the
Complaint. Moreover, the Arbitration Award is of no force and effect
because confirmation was vacated and set aside.

32. Defendant denies the allegations in Paragraph "32" of the
Complaint. Moreover, the Arbitration Award is of no force and effect
because confirmation was vacated and set aside pursuant to the
Decision.

33. Defendant denies the allegations in Paragraph "33" of the
Complaint. Moreover, the Arbitration Award is of no force and effect
because confirmation was vacated and set aside pursuant to the
Decision.

34. Defendant denies the allegations in Paragraph "34" of the
Complaint. Moreover, the Arbitration Award is of no force and effect
because confirmation was vacated and set aside pursuant to the
Decision.

35. Defendant denies the allegations in Paragraph "35" of the
Complaint.

36. Defendant denies the allegations in Paragraph "36" of the
Complaint.

37.  Defendant denies the allegations in Paragraph "37" of the Complaint.

38.  Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegations in Paragraph "38" of the Complaint.

39.  Defendant denies knowledge or information sufficient to form a belief as to the truthfulness and accuracy of the allegations in Paragraph "39" of the Complaint.

40.  Defendant denies the allegations in Paragraph "40" of the Complaint.

41.  Defendant denies the allegations in Paragraph "41" of the Complaint.

42.  Defendant denies the allegations in Paragraph "42" of the Complaint.  Moreover, the Arbitration Award is of no force and effect because confirmation was vacated and set aside.

43.  Defendant denies knowledge or information sufficient to form as belief as to the truthfulness and accuracy of the allegations in Paragraph "43" of the Complaint.  Moreover even were the statements regarding the Arbitration Award true, it is moot because confirmation of the Award has been vacated and set aside.

44.  Defendant denies knowledge or information sufficient to form as belief as to the truthfulness and accuracy of the allegations in Paragraph "44" of the Complaint.  Moreover even were the statements regarding the Arbitration Award true, it is moot because confirmation of the Award has been vacated and set aside.

45.  Defendant denies knowledge or information sufficient to form as belief as to the truthfulness and accuracy of the allegations in Paragraph "45" of the Complaint.  Moreover even were the statements regarding the Arbitration Award true, it is moot because confirmation

of the Award has been vacated and set aside.

46. Defendant denies knowledge or information sufficient to form as belief as to the truthfulness and accuracy of the allegations in Paragraph "46" of the Complaint. Moreover even were the statements regarding the Arbitration Award true, it is moot because confirmation of the Award has been vacated and set aside.

47. Defendant denies knowledge or information sufficient to form as belief as to the truthfulness and accuracy of the allegations in Paragraph "47" of the Complaint. Moreover even were the statements regarding the Arbitration Award true, it is moot because confirmation of the Award has been vacated and set aside.

48. Defendant denies knowledge or information sufficient to form as belief as to the truthfulness and accuracy of the allegations in Paragraph "48" of the Complaint. Moreover even were the statements regarding the Arbitration Award true, it is moot because confirmation of the Award has been vacated and set aside.

49. The allegations contained in Paragraph "49" constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant denies same.

50. The allegations contained in Paragraph "50" constitute conclusions of law to which no response is required. To the extent the allegations are deemed factual, Defendant denies same.

## AS AND FOR A FIRST COMPLETE DEFENSE TO THE COMPLAINT HEREIN

51. Pursuant to a decision and order of the Appellate Division Second Department, dated May 11, 2011, the confirmation of the Arbitration Award upon which Plaintiff relies as the basis for his Complaint was vacated and set aside, thereby rendering impossible Plaintiff's relief sought from this Court which seeks the following:

      1.    declaratory judgment that Caring is not property of the estate of the Debtor, Christine Persaud;

      2.    that the Debtor has no interest in Caring;

3.    that the Confirmation Award is in full force and effect;

4.    that the Chapter 7 Trustee has no interest in Caring.

        Based on Plaintiff's failure to state a cause of action upon which relief can be granted, the Complaint should and must be dismissed immediately.

### AS AND FOR A SECOND COMPLETE DEFENSE TO THE COMPLAINT HEREIN

        52.  As was pointed out in the Decision by the four Appellate Division Judges, the Defendant never entered into an agreement to arbitrate disputes, and submitted affidavits from both the Debtor/Defendant, Christine Persaud and her former attorney attesting to that fact.

        53.  Not only did the Defendant not sign the agreement which Plaintiff relied upon to send the matter to arbitration, which arbitration award was obtained by Plaintiff on default and issued on default by a private arbitrator who was named in the agreement, the agreement refers to a "Better Home Care Agency" name change and is between X and Christine Persaud.

### AS AND FOR A THIRD COMPLETE DEFENSE TO THE COMPLAINT HEREIN

        54.  Based on the Decision of the Appellate Division, the Complaint fails to state a cause upon which relief can be granted.

        55.  Defendant reserves the right to add additional affirmative defenses as they may become known through discovery, should discovery be necessary.

### AS AND FOR THE TRUSTEE'S COUNTERCLAIMS
### AGAINST THE DEFENDANT ABRAHAM KLEIN

        56.  That Plaintiff Abraham Klein (hereinafter "Klein") based on the April 17, 2009 Arbitration Award obtained by him on default and

confirmed on default, which Arbitration Award was been vacated and set
aside by the Decision, seized assets and property of the
Debtor/Defendant Christine Persaud, before the May 11, 2011 Decision
was rendered, and has refused to turn over the assets and property
seized by him and refused to give an accounting for same.  Pursuant to
§541 of the Bankruptcy Code, this property taken is property of the
estate and must be turned over to the Trustee, along with a complete
accounting for all property taken.

57.   That Klein, subsequent to April 17, 2009 also seized and
took control of the accounts receivable of Caring Home Care ("Caring"),
and he admittedly changed its name to Caring LH.CSA, LLC.  Those
accounts receivable based on the Decision are property of the estate as
Christine Persaud the Debtor owns one hundred (100%) percent of Caring.
Pursuant to §§541, 542 and 543 of the Bankruptcy Code, Klein must turn
over to the Trustee all of the accounts receivable and the proceeds
collected, along with a complete accounting for same.

58.   It is undisputed that Christine Persaud, the Debtor
herein was the sole owner and licensed operator of Caring.

59.   It is also undisputed that Klein's only interest in
Caring ownership came into being as a result of the confirmation of the
Arbitration Award on April 17, 2009, which awarded him one hundred
(100%) percent ownership of Caring.

60.   It is also undisputed that the Decision dated May 10,
2011 vacated and set aside the confirmation of the Arbitration Award,
thereby divesting Klein of any ownership interest in Caring or its
successors and/or assigns, if he ever had any interest.

61.   Pursuant to §541 of the Bankruptcy Code, title to the
ownership of Caring belongs to the Chapter 7 Trustee, the Defendant
herein.

62.   Pursuant to §§541, 542 and 543 of the Bankruptcy Code
the Trustee is entitled to an immediate turnover of the ownership of
Caring and its successors and assigns from Klein, along with its
operation and an accounting from Klein for all funds and property of

Caring received and disbursements by Klein and his agents and
representatives, including its books and records since he took over
control and operations of Caring since April 17, 2009.

    63.   The Arbitration Award whose confirmation has been
vacated and set aside by the Decision also gave Klein a fifty (50%)
percent ownership interest in Liberty Home Care, another home care
agency whose sole owner and operator was the Debtor, Christine Persaud,
even though Liberty was not a party to the alleged agreement containing
the alleged Arbitration clause and was not named as a party in the
Arbitration proceeding.

    64.   Pursuant to §§541, 542 and 543 of the Bankruptcy Code,
the Trustee is entitled to an immediate turnover of any and all
property and funds which Klein and his agents and representatives
received during the time subsequent to April 17, 2009 when he allegedly
owned fifty (50%) percent of Liberty, along with a complete accounting
for any property and funds received or disbursed.

    65.   Defendant reserves his right to add additional causes of
action against Klein as they become known.

    **WHEREFORE**, the Defendant/Trustee requests entry of a judgment
dismissing Klein's Complaint with prejudice, and granting the
Defendant/Trustee judgment on all of the counterclaims asserted against
Klein pursuant to §§541, 542, and 543 of the Bankruptcy Code, together
with interest, costs and all expenses incurred in defending and
prosecuting this action.


Dated: New York, New York          PEREIRA & SINISI, LLP
       October 13, 2011            Attorneys for Defendant
                                 JOHN S. PEREIRA, Chapter 7 Trustee
                                  Of Christine Persaud


                                 By:___/s/John S. Pereira_____
                                       JOHN S. PEREIRA
                                     The Chrysler Building
                                     405 Lexington Avenue
                                          7th Floor
                                   New York, New York 10174
                                       (212) 758-5777

# EXHIBIT "A"

| Matter of Klein v Persaud |
| --- |
| 2011 NY Slip Op 04053 |
| Decided on May 10, 2011 |
| Appellate Division, Second Department |
| Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431. |
| This opinion is uncorrected and subject to revision before publication in the Official Reports. |

Decided on May 10, 2011

### SUPREME COURT OF THE STATE OF NEW YORK
### APPELLATE DIVISION : SECOND JUDICIAL DEPARTMENT
WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ARIEL E. BELEN, JJ.

2009-04150
(Index No. 8007/09)

[*1]In the Matter of Abraham Klein, respondent,

v

Christine Persaud, et al., appellants. Stephen Preziosi, New York, N.Y., for appellants.

Mendel Zilberberg & Associates, P.C., Brooklyn, N.Y. (Paulino J. Salazar of counsel), for respondent.

DECISION & ORDER

In a proceeding to confirm an arbitration award dated March 31, 2009, which, inter

alia, awarded the petitioner the sum of $2,172,607.58, Christine Persaud and Caring Home Care Agency appeal from an order of the Supreme Court, Kings County (Schack, J.), dated May 4, 2009, which denied their motion to vacate an order of the same court dated April 17, 2009, granting the petition, upon their failure to appear at the calendar call on April 17, 2009.

ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, the motion is granted, and the order dated April 17, 2009, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the issue of whether the arbitration award should be confirmed.

To establish a basis to vacate the order entered upon their failure to appear at a calendar call, the appellants were required to demonstrate both a reasonable excuse for the default and a potentially meritorious defense (see CPLR 5015[a][1]; *Moore v Day*, 55 AD3d 803, 804). Under the circumstances of this case, since the appellants' attorney was in fact actually engaged in another matter at the time he failed to appear at the calendar call, and this was his first request for an adjournment in this matter (*cf. Foster v Gherardi*, 201 AD2d 701), there was a reasonable excuse for the default (see *Fromartz v Bodner*, 266 AD2d 122; *Salemo v Geller*, 260 AD2d 153). Although the affirmation of actual engagement submitted on the calendar date was defective (see 22 NYCRR 125.1[e][1]), the appellants' attorney promptly moved to vacate the default within days of the calendar date, forestalling any prejudice (see *Perez v Travco Ins. Co.*, 44 AD3d 738).

Although the Supreme Court did not address the issue of whether the appellants raised a potentially meritorious defense, we nevertheless may reach that issue (see *Davidson v Straight Line Contrs., Inc.*, 75 AD3d 1143, 1144; *Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419). On their motion to vacate the order, the appellants established the existence of a potentially meritorious defense (see *Hageman v Home Depot U.S.A., Inc.*, 25 AD3d 760, 761), inter alia, by submitting affidavits from the appellant Christine Persaud and her former attorney that she never entered into an [*2]agreement to arbitrate disputes (see *Matter of Commerce & Indus. Ins. Co. v Nester*, 90 NY2d 255, 262-263; *Matter of Matarasso [Continental Cas. Co.]*, 56 NY2d 264, 267-268; CPLR 7503[c]).

Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County, for a new determination on the issue of whether the arbitration award should be confirmed.

MASTRO, J.P., BALKIN, LEVENTHAL and BELEN, JJ., concur.

ENTER:

Matthew G. Kiernan

Clerk of the Court

Return to Decision List

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
In re:                                          Case #10-44815-663

CHRISTINE PERSAUD,                                   Chapter 7

            Debtor.
----------------------------------------X
ABRAHAM KLEIN,                                  A/P #11-01456

            Plaintiff,

      - against -

JOHN S. PEREIRA, CHAPTER 7 TRUSTEE
OF DEBTOR CHRISTINE PERSAUD,

            Defendant.
----------------------------------------X

STATE OF NEW YORK  )
                       ss.
COUNTY OF NEW YORK )

            DONNA M. STONE, being sworn says:

            I am not a party to the action, am over 18 years of age and

reside at Brooklyn, New York.

            On October 14, 2011 I served a true copy of the ANSWER and

COUNTERCLAIMS, by mailing same in a sealed envelope, with postage prepaid

thereon, in an official depository of the U.S. Postal Service within the

State of New York, to interested parties or entities as set forth herein

on Schedule "A" annexed hereto.

                                    /s/Donna M. Stone
                                        DONNA M. STONE

  Sworn to before me this

  14th  day October, 2011

/s/Mark H. Schwartz
        NOTARY PUBLIC
         MARK H. SCHWARTZ
     Notary Public, State of New York
            No. 4917090
       Qualified in Westchester County
     Commission Expires December 7, 2013

## *SCHEDULE "A"*

OFFICE OF THE UNITED STATES TRUSTEE
Eastern District of New York
271 Cadman Plaza East
Suite 4529
Brooklyn, New York 11201

SAMUEL J. LANDAU, ESQ.
250 West 57th Street
Suite 1619
New York, New York 10107

TROUTMAN, SANDERS LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Attention: John Campo, Esq.

CHRISTINE PERSAUD
86-25 Van Wyck Expressway
Apt. 506
Jamaica, New York 11435

ABRAHAM KLEIN
1260 57th Street
Brooklyn, New York 11219

MENDEL ZILBERBERG & ASSOCIATES, P.C.
6619 Thirteenth Avenue
Brooklyn, New York 11219
Attention: Mendel Zilberberg, Esq.

MENDEL ZILBERBERG & ASSOCIATES, P.C.
6619 Thirteenth Avenue
Brooklyn, New York 11219
Attention: Joel Lewittes, Esq.

GE MONEY BANK
c/o RECOVERY MANAGEMENT SYSTEMS CORP.
25 SE 2nd Avenue
Suite 1120
Miami, FL 33131-1605
Attention: Ramesh Singh, Esq.

STEVEN J. BAUM, P.C.
900 Merchants Concourse
Suite 116
Westbury, New York 11590
Attention: Marin L. Buczkowski, Esq.

PERY D. KRINSKY, ESQ.
Woolworth Building
233 Broadway
Suite 707
New York, New York 10279

DEILY, MOONEY & GLASTETTER, LLP
8 Thurlow Terrace
Albany, New York 12203
Attention: Martin A. Mooney, Esq.

<u>**EXHIBIT F**</u>

**REPLY TO CHAPTER 7 TRUSTEEÂS COUNTERCLAIMS
(NOV. 15, 2011), 1-11-01456-ESS (DOCKET ENTRY # 10)**

Mendel Zilberberg, Esq.
MENDEL ZILBERBERG & ASSOCIATES, P.C.
6619 Thirteenth Avenue
Brooklyn, New York 11219
Telephone (718) 256-2000
Facsimile (718) 256-7900
Email: mz@amalgamail.com
*Counsel for Plaintiff Abraham Klein*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

In re:                                                    Chapter 7

                                                          Case No: 10-44815-ess

CHRISTINE PERSAUD

------------------------------------------------------------x

ABRAHAM KLEIN,
                                                          Adv. Proc. No. 11-01456
                    Plaintiff,

        - against –


JOHN S. PEREIRA, CHAPTER 7 TRUSTEE
FOR DEBTOR CHRISTINE PERSAUD                    **ANSWER TO CHAPTER 7**
                                               **TRUSTEE COUNTERCLAIMS**


                    Defendant.
------------------------------------------------------------x

        Plaintiff, Abraham Klein, by his attorneys of record Mendel Zilberberg & Associates,

P.C. hereby files his Answer to Defendants Counterclaims, and respectfully refers this Court to

the Arbitration Award and Decision annexed hereto.

        In reference to the specific allegations contained within Defendants Counterclaims,

Plaintiff Abraham Klein would show as follows:

**As for Trustee's Counterclaims Against the Defendant Abraham Klein**

1. Plaintiff Abraham Klein denies the allegations contained in Paragraph 56.

2. Plaintiff Abraham Klein denies the allegations contained in Paragraph 57.

3. Plaintiff Abraham Klein denies the allegations contained in Paragraph 58.

4. Plaintiff Abraham Klein denies the allegations contained in Paragraph 59.

5. Plaintiff Abraham Klein denies the allegations contained in Paragraph 60.

6. Plaintiff Abraham Klein denies the allegations contained in Paragraph 61.

7. Plaintiff Abraham Klein denies the allegations contained in Paragraph 62.

8. Plaintiff Abraham Klein denies the allegations contained in Paragraph 63.

9. Plaintiff Abraham Klein denies the allegations contained in Paragraph 64.

10. Plaintiff Abraham Klein lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 65.

Dated: Brooklyn, New York.
        November 14, 2011

                        MENDEL ZILBERBERG & ASSOCIATES, P.C.
                        *Attorneys for Plaintiff Abraham Klein*

                        By:    _____
                               Mendel Zilberberg (MZ-6625)
                               6619 Thirteenth Avenue
                               Brooklyn, New York 11219
                               Telephone (718) 256-2000
                               Facsimile (718) 256-7900
                               Email: mz@amalgamail.com

---

In the matter of the Arbitration of

ABRAHAM KLEIN ,

                          Petitioner,

          -against-

CHRISTINE PERSAUD AND CARING HOME CARE
AGENCY,

                         Respondent.

**DECISION AND AWARD**

Assigned to: MARVIN NEIMAN

---

      This decision and award is being provided under the authority emanating from the parties' various agreements collectively referred to as "the Agreement," referred to herein, which appointed Marvin Neiman ("the Arbitrator") to hear and decide any and all disputes of the parties to the aforesaid agreements. This appointment was a continuing appointment and applies to any and all disputes between the parties.

**Background of the matter**

      As a result of the Arbitrator receiving a written notice that there was a dispute between the parties and a request for an arbitration hearing, dated February 11, 2009, made by Mr. Abraham Klein ("Klein" or "Petitioner"), pursuant to the provisions of the Agreement between him and Ms. Christine Persaud ("Persaud") and Caring Home Care Agency ("Caring"), Persaud and Caring collectively referred to herein as "Respondents," dated May 11, 2007 the Arbitrator sent a letter to all the parties by way of their counsel's, who were copied on the notice of the arbitration heretofore referred to, seeking input as to the date and time as well as the place for the arbitration to be held.

      The Arbitrator queried the parties as to an appropriate date for the hearing.

      After reasonable notice of the Arbitrator's preferred dates for the arbitration and having no objection to the days suggested, the Arbitrator set the date of the hearing. The hearing was scheduled by a notice to the parties' counsels, of February 27, 2009. The notice provided for the hearing to take place at the Arbitrator's office, at 39 Broadway, New York, NY, on Thursday, March 19, 2009 at 10:30 a.m.

During the preliminary proceedings in this matter, counsel for Persaud, Eugene Levy, Esq., wrote to the Arbitrator setting forth certain objections to the jurisdiction of the Arbitrator. In response to his letter the Arbitrator agreed to undertake and address as the first order of business at the arbitration the question of the appropriateness of the authority of the Arbitrator to act in this matter. Also, the Arbitrator requested that the parties provide him, in advance of the hearing a listing of the issues to be heard by him and that this listing should be shared by the parties with each other.

Principally, the objections of Persaud to the undersigned's jurisdiction was the fact of a past relationship of the Arbitrator with Abraham Klein or his family, which was disclosed in the Agreement. While this relationship was disclosed to Persaud at the time of the making of the Agreements and was addressed and waived by her in the Agreements, the Arbitrator agreed, as aforesaid, to address any such issue at the beginning of the arbitration.

Notwithstanding the aforesaid series of communications, Mr. Levy wrote an additional letter to the Arbitrator objecting to his jurisdiction in the matter. The Arbitrator had further written communication with Persaud's counsel, Mr. Levy, on notice to all the parties, confirming the scheduling of the hearing, and cautioning him that the appropriate manner of proceeding in the matter of his expressed objection to the Arbitrator serving as arbitrator in the matter was to attend the arbitration and raise his objections at the time. The Arbitrator explained that since having undertaken the responsibility to act as arbitrator between the parties at the time of the making of the Agreement and doing so with the actual knowledge of this past relationship, it was not appropriate for the Arbitrator to ignore his obligation to the parties by having agreed to act as Arbitrator in the Agreement. It was also pointed out that the hearing would take place even if his client did not appear and that his non-attendance would be at his client's peril. Thereafter, upon receipt of correspondence from Klein's counsel after consultation with his client it became apparent that the Arbitrator was mistaken in his earlier statement to the parties that he had represented the Klein interest in the past, the Arbitrator advised all parties that this stated representation was incorrect and that the Arbitrator never had any dealings with any of the parties.

Klein did provide a listing of the issues to be heard by way of letter to the Arbitrator dated March 16, 2009.

As stated heretofore, neither Persaud nor her counsel appeared at the arbitration hearing. Klein and his counsel did appear at the hearing ready to proceed with the matter.

After awaiting the appearance of Persaud and no appearance after a reasonable period of time the hearing did commence.

At the commencement of the arbitration, the Arbitrator did request to review the issues of his jurisdiction in this matter. The Agreements were accepted into evidence and a review was made of the provisions appointing the undersigned as arbitrator in any and all disputes among the parties. Also, the undersigned heard the testimony of Klein which proved there was no connection between the Arbitrator and Abraham Klein previously. The Klein which was

2

previously a client of the undersigned is not the same Abraham Klein, who is the Petitioner in this matter. The Arbitrator reviewed the evidence presented by him; and

Having heard testimony and reviewed applicable case law regarding an arbitrator's ability to hear testimony from one party if the other party defaults in appearing after appropriate notice was given, therefore the Arbitrator decided to proceed with the hearing.

Notwithstanding having commenced the arbitration some significant time after the notice time of commencement scheduled in the notice to the parties, the Respondents did not appear and never appeared until the matter was finished and closed at the end of the day.

## Findings of Fact and Award on Jurisdictional issues

Regarding any issue of a failure in my jurisdiction and potential conflict in this matter, I have reviewed the documents and heard the testimony of Klein and despite my correspondence with Mr. Levy prior to March 19, 2009 and my offer that said issue could be raised by him as an objection to the jurisdiction to proceed prior to the commencement of the arbitration hearing, and having accorded him an opportunity to be able to provide any other basis for a failure in my jurisdiction in this matter, and Persaud or Levy's failure to appear to be able to raise any other basis for a failure of jurisdiction, **I ruled that Mr. Levy's objections in his correspondence to me were of no moment, and that I had jurisdiction to hear the matters in issue.**

## The Hearing on the issues

During the hearing, testimony was taken and documentary evidence was produced evidencing the following facts, which I adopt as the finding of facts in this matter:

1. That Klein had entered into various agreements ("the Agreements") in accordance with he paid $100,000 to Persaud for his obtaining a one half interest in Caring and in a partnership with Persaud.

2. Caring is a Licensed Health Care Services Agency, as that is known in New York State and is under the jurisdiction of the New York State Department of Health.

3. Klein had no previous experience in the operations of health care facilities and relied on the representations of Persaud as to her expertise in such matters.

4. In accordance with the Agreements Klein undertook his responsibilities to the Respondents and was involved in the management of Caring as well as providing his son Joel Klein and brother in law Philip Gottehrer to Caring to assist it in the management of it agency. Klein had these individuals provide services to Caring at his own expense.

3

5.  Pursuant to the Agreement with Respondents, on a temporary basis until proper financing could be obtained, Klein invested an additional $788,165 in capital to the Caring and Liberty enterprises.

6.  This capital was supposed to be repaid to Klein by Caring and Persaud. It was contemplated that once Caring was able to do so and Klein was approved that it could obtain outside financing with which to repay Klein his advances to the entity.

7.  Based on the Agreements between him and Persaud, there was an additional $1,324,702.28 due to Klein as of February 27, 2009 and that said amounts were consistent with internally-generated financial statements signed and certified as true by Caring's Director of Finance, Mel Escobar.

8.  In addition, because of Persaud's failure to allocate certain moneys per the Agreement, Klein testified and demonstrated that an additional sum of $99,388.65 is due and owing as of February 27, 2009.

9.  That Persaud did not administer Caring in accordance with her obligations under the terms of the Agreement.

10. Persaud withdrew all of her potential entitlement to any income from Caring during the period of Klein being an interest holder in Caring, so that all present monies in Caring including all receivables of Caring belong to Klein in accordance with the Agreement.

11. After the Agreement was executed, Klein proceeded to take such measures as were required by the Agreement, so as to file an application with the New York State Department of Health so as to be approved as a licensed operator of Caring.

12. Klein was advised by his special counsel on the licensing issue that the Agreement had to me modified somewhat and redone, so as to meet the requirements of the agency with jurisdiction over Caring, the New York State Department of Health ("DOH").

13. The Agreement contemplates that the parties, Persaud and Klein would take such steps as may be required to effectuate the terms of the Agreement including obtaining the requisite approvals of the agencies having jurisdiction over such entities.

14. Klein advised Persaud of his counsel's advice as to modifying the Agreement and Persaud undertook to have this matter reviewed by her own counsel.

15. Persaud thereafter promised to have the agreements redone so as to meet the requirements of the DOH.

16. Persuad continued to delay the actual modification of the Agreement and frustrated Klein's efforts to have an agreement in proper form done so as to enable a filing with the DOH to effectuate the terms and intent of the Agreements.

17. That between Monday, March 16, 2009 – the date that Klein had provided notice of the issues in dispute to the Arbitrator in accordance with his request to the parties – through March 19, 2009, Persaud put in place measures calculated to deprive Klein from accessing the Caring bank accounts, changed the locks on the Caring facility, and instructed certain personnel of Caring to advise Joel Klein (Klein's son) and Phillip Gottehrer (Klein's brother-in-law) who had worked for the benefit of Caring for close to two years, to deny them entry to the Caring facility and thus denying them access to Caring's records, vendors and clients.

18. That Klein invested moneys in another Licensed Health Care Services Agency, Liberty Home Care Nurses Employment Agency, Inc. ("Liberty"), which is owned by Persaud, and at her facilitation, both indirectly with funds from the Caring account that were due and owing to Klein of $47,682.99, and additional direct funding from Klein of $132,000.

19. That Persuade induced Klein to invest into the Liberty enterprise and agreed with Klein that the same terms of the Agreement in place with Persaud and Caring would be the terms of agreement between them as to the Liberty enterprise.

20. That Liberty, at least in part, used the resources of Caring in the operation of its business.

21. That Liberty hired a person, despite protest by Klein, who lacked the requisite character to be allowed to operate a health facility and caused harm to Liberty directly and could cause harm to Caring indirectly because of the close connection between these two enterprises.

22. That Liberty did not report a profit for 2008.

23. That Liberty has not been able to develop and grow as it should normally do, because it cannot self finance its growth.

24. That Persaud did not adhere to the terms of the Agreements between Klein and Persaud in the Caring deal with respect to Liberty.

25. That it is impossible for the parties to work together based upon the actions of Persaud in the days up to the arbitration.

26. That it is appropriate to unwind the relationship of these parties in a matter that comports with the Public Health Law.

27. That lacking some remedial measures it is not expected that Persaud will comply with the terms of this Award.

## REMEDIES SOUGHT

Petitioner seeks that he obtain the benefit of his bargain in this transaction. Klein entered into this deal to ultimately become a partner with Persaud in the Caring venture and thereafter in Liberty. Also, the testimony showed that the enterprise was going to obtain outside financing so that the investment by Klein would be a normal and reasonable one and that the excess investment made by him in these enterprises would be returned to him. Klein is seeking to become an approved partner in the Caring and Liberty enterprises.

Because of Persaud's delays in modifying the Agreements in a manner that would allow an application to be presented to the Department of Health for its approval and actually filing such an application to the Department of Health and its related Public Health Council entity, Klein was deprived of the benefit of his bargain. Also, because of these defaults by Persaud Klein has had to invest substantially more monies than he was obligated to by the terms of the Agreement, since outside financing would not be available to the entities. It is Klein's request that the Arbitrator place him in the position that he would have been if Persaud had not defaulted in her performance of the Agreement and the intent of the parties.

Klein also seeks that because of the impractacability of putting the parties back together in the two businesses that make up the whole of their business, *i.e.,* that a separation of the interests be ordered and that he obtain the Caring entity and he is willing to give up any interest that he would have in the Liberty entity, which interest emanates from the Agreement and the later agreement by Persaud to have the same deal with Klein for the Liberty entity.

Klein requests to the Arbitrator that (a) the recent acts of Persaud in effectively shutting Klein out of Caring, (b) Klein's lack of direct involvement in the Liberty enterprise because of Persaud's having hired an individual who lacks the requisite character for such an enterprise and who was detrimental to Liberty in the past, and (c) Klein's request that the Arbitrator separate these two businesses in a manner that each of the two principals, Persaud and Klein, remain with one of these businesses. Because of the foregoing, we must develop a means of doing this that is workable and also does not conflict with the provisions of the Public Health Law.

As such we will direct a separation of these enterprises and direct that Persaud take all measures required to do, which include modifying the Agreements as is required by the Agreement, so as that it be in the form that would be acceptable to the Department of Health and prepare and sign the requisite applications with the agencies having jurisdiction of these entities to enable Klein, or his designee, to become approved as an operator in the Caring entity.

Should Persaud not take these steps within thirty (30) days from the date of this Award, then Klein's counsel is herewith appointed her Power of Attorney for the purposes of signing

6

whatever documents are required to bring the Agreement in conformance with the Department of Health's requirement for such agreements and also sign the application for the appropriate agencies for the approval of Klein as the operator of the Caring entity.

Because this Power of Attorney is being provided as a means of having this Award effectuated, it is deemed coupled with an interest and cannot be revoked until the purpose of this Power of Attorney is effectuated, *viz.,* Klein is approved as the operator of Caring.

At such time that Klein is approved as the operator of the Caring entity, he shall no longer have any claim to an interest in the Liberty entity.

## AWARD

Based upon the afore listed findings of fact and the requested remedies sought and herewith awarded, the Arbitrator makes the following Award and Orders:

ORDERED that, irrespective of Klein's ownership rights in Caring and Liberty, Persaud, Caring and Liberty owe Klein the amount of $2,172,607.58, irrespective of any partnership or ownership interest that Klein has in these two entities and that Klein should have a judgment for such $2,172,607.58 against them jointly and severally.

IT IS FURTHER ORDERED that Klein can attach all of the receivables due to Caring and Liberty until the referenced $2,172,607.58 is paid, plus statutory interest at the rate of 9% from the date of this Award until a judgment is entered and plus statutory interest thereafter.

IT IS FURTHER ORDERED that Klein has a 50% ownership interest in both Caring and Liberty in accordance with the terms of the Agreement, subject to the approvals of the agencies with jurisdiction, which interest in Liberty shall cease as soon as he, or his designee, is approved by the agencies with jurisdiction to be the sole operator of Caring.

IT IS FURTHER ORDERED that the whole of the two entities, Caring and Liberty, and all their assets, are security to Klein that Persaud shall comply with the terms of this Award.

IT IS FURTHER ORDERED that at such time that Klein is approved as the operator of Caring by the agencies with jurisdiction, Persaud shall then become the owner of Liberty free and clear of any equity claims of Klein therein.

IT IS FURTHER ORDERED that Persaud is to sign all documents to effectuate the orders set forth herein forthwith.

IT IS FURTHER ORDERED that should Persaud not comply with this Award within thirty (30) days of the date hereof, that Klein's counsel is appointed Persaud's Power of Attorney, coupled with an interest, to sign her name to such documents and applications to the Department of Health for the transfer of the Caring license without Persaud's signature and that evidence of the Power of Attorney may be evidenced by a copy of this Award.

7

IT IS FURTHER ORDERED that until said transfer of Caring is effectuated by the Department of Health, Persaud shall not do anything to disrupt the orderly operation of Caring.

IT IS FURTHER ORDERED that Klein shall be authorized to enter upon the premisses of Caring and act as manager, in the same manner as he has done before this dispute commenced and may manage Caring and take steps including hiring and firing such employees as is in the best interest of the enterprise in his judgment.

IT IS FURTHER ORDERED that the date set forth in the Agreements for Klein to be added to the Caring license is tolled as of November 11, 2007 to the date that Persaud complies with the provisions of this Award.

IT IS FURTHER ORDERED that Persaud shall immediately return all funds and assets that she improperly took from Caring for personal reasons from March 19, 2009 and that failing to do so, Klein is herewith granted to an injunction directing and compelling her to do so.

IT IS FURTHER ORDERED that if Persaud works at and for the benefit of Caring during the pendency of the license transfer, for and at the offices of Caring, for a minimum of 30 hours per week, she will be entitled to compensation of $1,000 per week and no more for any reason until the provisions of this Award are fully complied with and thereafter she has no residual interest or rights in Caring.

IT IS FURTHER ORDERED that Persaud may not use any of the funds or resources of Caring for her legal fees in this matter or any personal reason, and that the injunction provided for herein shall include any improper future use of funds belonging to Caring or Liberty.

IT IS FURTHER ORDERED that during the pendency of said transfer, Joel Klein and Phillip Gottehrer at Klein's discretion may continue to work for the benefit of Caring as in the past, with unrestricted access to any records, staff, vendors and clients they need to accomplish their respective functions and that an injunction issue directing this herewith.

IT IS FURTHER ORDERED that if Klein shall decide that it is in the interest of the execution of this Award and the business of Caring that he may apply to the Department of Health for a designation of a Receiver, who upon approval of the Department of Health, who will administer Caring until the provisions of this Order for his or his designee's approval as operator of Caring can be effectuated.

IT IS FURTHER ORDERED that given Persaud's recent actions, Caring's Director of Finance, Mr. Mel Escobar, who has worked for Caring before the Agreements were signed and is intimately familiar with Caring's finances and operation, is hereby appointed as Monitor of Caring to ensure that Caring is operated as per the terms of the Agreements pending the effectuation of this Order and that Persaud is hereby enjoined from issuing any checks, including payroll checks, or making any withdrawals of transfers from Caring's bank account without the prior written approval of the Monitor.

IT IS FURTHER ORDERED that the Monitor shall serve under my sole authority and discretion, and shall be compensated by the parties with a monthly amount corresponding to 10% over his gross monthly salary.

IT IS FURTHER ORDERED that I retain jurisdiction in this matter to effectuate the intent of this Award.

IT IS FURTHER ORDERED that all other claims which were brought by Klein during the arbitration hearing which have not been addressed in this Decision are hereby dismissed.

The foregoing constitutes my decision based on the referenced testimony and evidence presented to me.

In witness whereof, I execute and affirm this Decision and Order on this 31st day of March, 2009 upon my oath, as is required in accordance with New York law.

_____
MARVIN NEIMAN, Arbitrator

Affirmed before me this
31st day of March, 2009

_____
Notary Public

THEODORE T. MAIRANZ
Notary Public, State of New York
No. 02MA4735367
Qualified in Nassau County
Commission Expires September 30, 2009

9

## EXHIBIT G

**THE APPENDIX FILED ON BEHALF OF**
**RESPONDENT-APPELLANT CHRISTINE PERSAUD**
**IN *MATTER OF KLEIN V. PERSAUD*, 84 A.D.3D 959 (2D DEPÂT 2011)**

**\*\*\*Please be advised that**
**the attachments to this exhibit are voluminous**
**and are available upon request\*\*\***

**TROUTMAN SANDERS LLP**
*Attorneys for Defendant*
405 Lexington Avenue
New York, New York 10174

**Exhibit**                    **Table of Contents**

                                                                      **Page**

**A**        Notice of Appeal, Dated May 4, 2009 .........................................   A-2

**B**        Order Appealed From, Dated May 4, 2009, with Notice of
             Entry, Dated May 8, 2009 ........................................   A-4

**C**        Transcript of Hearing, Dated March 19, 2009 ............................. A-10

**D**        Order to Show Cause for Emergency Relief, Dated April 2,
             2009 ...................................................................................A-198

             Certification of Emergency of Mendel Zilberberg, for Petitioner,
             in Support of Order to Show Cause for Emergency Relief,
             Dated April 2, 2009 ................................................................A-202

             Affirmation of Paulino J. Salazar, for Petitioner, in Support of
             Order to Show Cause for Emergency Relief, Dated April 2,
             2009 ...................................................................................A-204

             Affirmation of Abraham Klein, for Petitioner, in Support of
             Order to Show Cause for Emergency Relief, Dated April 2,
             2009 ...................................................................................A-206

             Verified Petition for Confirmation of Arbitral Award and
             Preliminary Injunction, Dated April 1, 2009...........................A-213

             Exhibit 1 to Verified Petition -
             Agreement, Dated May 11, 2007, with Exhibits A-C
             Annexed Thereto ...................................................................A-220

                   Exhibit A to Agreement -
                   Shares Owned by the Shareholders ......................................A-240

                   Exhibit B to Agreement -
                   Life Insurance Policies ........................................................A-241

                   Exhibit C to Agreement -
                   Disability Insurance Policies .................................................A-242

             Exhibit 2 to Verified Petition -
             Petitioner's Notice, Dated February 11, 2009...........................A-247

             Exhibit 3 to Verified Petition -
             Arbitrator's Notice, Dated February 27, 2009 .........................A-250

ii

**Exhibit**                                                            **Page**

Exhibit 4 to Verified Petition -
Referenced Correspondence......................................................A-253

Exhibit 5 to Verified Petition -
Decision and Award, Dated March 31, 2009, with Certified
Mail Receipt ...........................................................................A-264

**E**    Order to Show Cause to Vacate Default Judgment, Dated
April 22, 2009 ........................................................................A-274

Affidavit of Christine Persaud, for Respondents, in Support of
Order to Show Cause to Vacate Default Judgment, Dated
April 21, 2009 ........................................................................A-276

Affirmation of Eugene F. Levy, for Respondents, in Support of
Order to Show Cause to Vacate Default Judgment, Dated
April 21, 2009 ........................................................................A-279

Exhibit A to the Foregoing -
ALR Forensic Document Solutions Report, Dated April 19,
2009.......................................................................................A-284

Exhibit B to the Foregoing -
Handwritten Report ................................................................A-289

Exhibit C to the Foregoing -
Letter from Eugene P. Levy, Esq. to Marvin Nieman, Esq.,
Dated March 17, 2009.............................................................A-294

Exhibit D to the Foregoing -
Decision and Award, March 31, 2009
(Reproduced herein pp. A-265-A-273) .....................................A-296

Exhibit E to the Foregoing -
Agreement, Dated May 11, 2007, with Exhibits A-C
Annexed Thereto
(Reproduced herein pp. A-220-A-239) .....................................A-296

Exhibit A to Agreement -
Shares Owned by the Shareholders
(Reproduced herein p. A-240)...............................................A-296

Exhibit B to Agreement -
Life Insurance Policies
(Reproduced herein p. A-241)...............................................A-296

**Exhibit**                                                                                              **Page**

Exhibit C to Agreement -
Disability Insurance Policies
(Reproduced herein p. A-242)...............................................A-296

Exhibit F to the Foregoing -
Affidavit of Samuel Rieff, Dated April 20, 2009.....................A-297

Exhibit G to the Foregoing -
Voided Check Receipts ...........................................................A-298

**F**          Order to Show Cause to Vacate Order, Dated April 29, 2009 ......A-300

Affirmation of Matthew W. Naparty, for Respondents, in
    Support of Order to Show Cause to Vacate Order, Dated
    April 29, 2009 ......................................................................A-303

Exhibit 1 to Naparty Affirmation -
Order to Show Cause to Vacate Default Judgment, Dated
April 2009, with Supporting Affidavit and Affirmation
Annexed Thereto
(Reproduced herein pp. A-274-A-283) ...................................A-318

Exhibit A to the Foregoing -
ALR Forensic Document Solutions Report, Dated
April 19, 2009
(Reproduced herein pp. A-284-A-288) ..................................A-318

Exhibit B to the Foregoing -
Handwritten Report
(Reproduced herein pp. A-289-A-293) ..................................A-318

Exhibit C to the Foregoing -
Letter from Eugene P. Levy, Esq. to Marvin Nieman, Esq.,
Dated March 17, 2009
(Reproduced herein pp. A-294-A-295) ..................................A-318

Exhibit D to the Foregoing -
Decision and Award, Dated March 31, 2009
(Reproduced herein pp. A-265-A-273) ..................................A-318

Exhibit E to the Foregoing -
Agreement, Dated May 11, 2007, with Exhibits A-C
Annexed Thereto
(Reproduced herein pp. A-220-A-239) ..................................A-318

iv

**Exhibit**

**Page**

Exhibit A to Agreement -
Shares Owned by the Shareholders
(Reproduced herein p. A-240)..........................................A-319

Exhibit B to Agreement -
Life Insurance Policies
(Reproduced herein p. A-241)..........................................A-319

Exhibit C to Agreement -
Disability Insurance Policies
(Reproduced herein p. A-242)..........................................A-319

Exhibit F to the Foregoing -
Affidavit of Samuel Rieff, Dated April 20, 2009
(Reproduced herein p. A-297)..............................................A-319

Exhibit G to the Foregoing -
Voided Check Receipts
(Reproduced herein pp. A-298-A-299) .................................A-319

Exhibit 2 to Naparty Affirmation -
Order to Show Cause for Emergency Relief, Dated
April 2, 2009
(Reproduced herein pp. A-198-A-201) .....................................A-319

Exhibit 3 to Naparty Affirmation -
Affidavit of April Fischer, Dated April 28, 2009......................A-320

Exhibit A to Fischer Affidavit -
Facsimile Confirmations .........................................................A-322

Exhibit 4 to Naparty Affirmation -
Affirmation of Actual Engagement of Eugene F. Levy, Dated
April 16, 2009 ........................................................................A-326

Exhibit 5 to Naparty Affirmation -
Order of Honorable Arthur Schack, Dated April 17, 2009 .......A-328

**G**      Affirmation of Mendel Zilberberg, for Petitioner, in Opposition
to Order to Show Cause to Vacate Order, Dated May 4, 2009 .A-329

Exhibit 1 to Zilberberg Affirmation -
E-Mail Correspondence Between Mendel Zilberberg, Esq.
and Sam Rieff, Dated July 8, 2008............................................A-365

Exhibit 2 to Zilberberg Affirmation -
Affidavit of John Paul Osborn, Dated May 1, 2009 .................A-367

v

**Page**

Exhibit A to Osborn Affidavit -
Resume of John Paul Osborn .................................................A-369

Exhibit B to Osborn Affidavit -
ALR Forensic Document Solutions Report, Dated
April 19, 2009
(Reproduced herein pp. A-284-A-288) .................................A-378

Exhibit C to Osborn Affidavit -
ASTM Standard E-1658.....................................................A-379

Exhibit 3 to Zilberberg Affirmation -
Affidavit of Stacy Ann Lopez, Dated May 3, 2009 and
Affidavit of Mel Escobar, Dated May 3, 2009, with
Agreement Annexed Thereto ...................................................A-382

Exhibit 4 to Zilberberg Affirmation -
E-Mail Correspondence between Sam Rieff and Christine
Persaud, Dated May 3, 2007 ...................................................A-399

Exhibit A to Correspondence -
Agreement, Dated May 11, 2007, with Exhibits A-C
Annexed Thereto
(Reproduced herein pp. A-220-A-239) .................................A-403

Exhibit A to Agreement -
Shares Owned by the Shareholders
(Reproduced herein p. 240)...............................................A-403

Exhibit B to Agreement -
Life Insurance Policies
(Reproduced herein p. 241)...............................................A-403

Exhibit C to Agreement -
Disability Insurance Policies
(Reproduced herein p. 242)...............................................A-403

Exhibit B to Correspondence -
Affirmation of Abraham Klein, Petitioner, in Opposition to
Order to Show Cause to Vacate Default Judgment, Dated
May 3, 2009........................................................................A-404

Exhibit 7 to Zilberberg Affirmation -
NYS Department of Agriculture & Markets, Kosher Law
Enforcement Division, Facsimile Correspondence...................A-413

**Page**

Exhibit 8 to Zilberg Affirmation -
E-Mail Correspondence from Christine Persaud to Mr. Reiff,
Mr. Klein and Mr. Luzer, Dated May 9, 2007 .........................A-430

Exhibit 9 to Zilberg Affirmation -
E-Mail Correspondence from Christine Persaud to Mr. Luzer,
Dated May 8, 2007..................................................................A-431

Exhibit 10 to Zilberg Affirmation -
E-Mail Correspondence from Christine Persaud, Dated
May 9, 2007 ............................................................................A-433

Exhibit 11 to Zilberg Affirmation -
E-Mail Correspondence from Christine Persaud, Dated
May10, 2007 ...........................................................................A-434

Exhibit 12 to Zilberg Affirmation -
E-Mail Correspondence from Christine Persaud to Mr.,
Luzer, Dated May 11, 2007......................................................A-435

Exhibit 13 to Zilberg Affirmation -
E-Mail Correspondence from Christine Persaud, Dated
May 11, 2007 ..........................................................................A-436

Exhibit 14 to Zilberg Affirmation -
Affirmation of Philip Gottehrer, Dated April 14, 2009.............A-437

Exhibit 15 to Zilberg Affirmation -
Affirmation of Joel Klein, Dated April 14, 2009 ......................A-441

Exhibit 16 to Zilberg Affirmation -
Affidavit of Joseph Sozhaczewsky, Dated April 8, 2009 .........A-445

Exhibit C to Sozhaczewsky Affidavit -
Affirmation of Luzer Weiss, Dated May 3, 2009..................A-447

Exhibit D to Sozhaczewsky Affidavit -
Affirmation of Paulino J. Salazar, Dated May 3, 2009 .........A-450

Exhibit 17 to Zilberg Affirmation -
E-Mail Correspondence between Sam Rieff and Paul Salazar,
Dated April 27, 2007................................................................A-452

Exhibit 18 to Zilberg Affirmation -
E-Mail Correspondence between Sam Rieff and Paul Salazar,
Dated May 1, 2007 ..................................................................A-453

**Exhibit**                                                                                    **Page**

Exhibit 19 to Zilberberg Affirmation -
E-Mail Correspondence between Sam Rieff and Paul Salazar,
Dated May 3, 2007 ...................................................................A-455

Exhibit 20 to Zilberberg Affirmation -
E-Mail Correspondence between Sam Rieff and Paul Salazar,
Dated May 7, 2007 ...................................................................A-456

Exhibit 21 to Zilberberg Affirmation -
E-Mail Correspondence between Sam Rieff and Paul Salazar,
Dated May 7, 2007 ...................................................................A-458

Exhibit 22 to Zilberberg Affirmation -
E-Mail Correspondence between Sam Rieff and Paul Salazar,
Dated May 8, 2007 ...................................................................A-459

Exhibit 23 to Zilberberg Affirmation -
E-Mail Correspondence between Sam Rieff and Paul Salazar,
Dated May 9, 2007 ...................................................................A-460

Exhibit 24 to Zilberberg Affirmation -
E-Mail Correspondence between Sam Rieff and Paul Salazar,
Dated May 9, 2007 ...................................................................A-462

Exhibit 25 to Zilberberg Affirmation -
E-Mail Correspondence between Sam Rieff and Paul Salazar,
Dated May 10, 2007 .................................................................A-464

**H**    Promissory Note, Dated May 11, 2007 ........................................A-470

**I**    Minutes of Meeting of the Board of Directors of Better Hope
Home Care Agency, Inc. ...........................................................A-472

**J**    New York State Unified Court System Appearance Detail

## EXHIBIT H

*MATTER OF KLEIN V PERSAUD*,
**84 A.D.3D 959 (2D DEPÂT 2011)**





Analysis
As of: Jan 22, 2013

**In the Matter of Abraham Klein, Respondent, v Christine Persaud et al., Appellants. (Index No. 8007/09)**

**2009-04150**

**SUPREME COURT OF NEW YORK, APPELLATE DIVISION, SECOND DEPARTMENT**

*84 A.D.3d 959*; *921 N.Y.S.2d 900*; *2011 N.Y. App. Div. LEXIS 3971*; *2011 NY Slip Op 4053*

**May 10, 2011, Decided**

**PRIOR HISTORY:** *Matter of Klein v. Persaud, 27 Misc 3d 1205A, 910 NYS2d 405, 2010 N.Y. Misc. LEXIS 671 (2010)*

**HEADNOTES**

Motions and Orders--Motion to Vacate Default

**COUNSEL:** [***1] Mendel Zilberberg & Associates, P.C., Brooklyn, N.Y. (Paulino J. Salazar of counsel), for respondent.

**JUDGES:** WILLIAM F. MASTRO, J.P., RUTH C. BALKIN, JOHN M. LEVENTHAL, ARIEL E. BELEN, JJ. MASTRO, J.P., BALKIN, LEVENTHAL and BELEN, JJ., concur.

**OPINION**

[*959] [**900] In a proceeding to confirm an arbitration award dated March 31, 2009, which, inter alia, awarded the petitioner the sum of $2,172,607.58, Christine Persaud and Caring Home Care Agency appeal from an order of the Supreme Court, Kings County (Schack, J.), dated May 4, 2009, which denied their motion to vacate an order of the same court dated April 17, 2009, granting the petition, upon their failure to appear at the calendar call on April 17, 2009.

Ordered that the order is reversed, on the facts and in the [*960] exercise of discretion, with costs, the motion is granted, and the order dated April 17, 2009, is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new determination on the issue of whether the arbitration award should be confirmed.

[**901] To establish a basis to vacate the order entered upon their failure to appear at a calendar call, the appellants were required to demonstrate both a reasonable excuse for the default [***2] and a potentially meritorious defense (*see* CPLR 5015 [a] [1]; *Moore v Day, 55 AD3d 803, 804, 866 NYS2d 303 [2008]*). Under the circumstances of this case, since the appellants' attorney was in fact actually engaged in another matter at the time he failed to appear at the calendar call, and this was his first request for an adjournment in this matter (*cf. Foster v Gherardi, 201 AD2d 701, 608 NYS2d 289 [1994]*), there was a reasonable excuse for the default (*see Fromartz v Bodner, 266 AD2d 122, 698 NYS2d 142 [1999]; Salemo v Geller, 260 AD2d 153, 685 NYS2d 616 [1999]*). Although the affirmation of actual engagement submitted on the calendar date was defective (*see 22 NYCRR 125.1 [e] [1]*), the appellants' attorney promptly moved to vacate the default within days of the calendar date, forestalling any prejudice (*see Perez v Travco Ins. Co., 44 AD3d 738, 843 NYS2d 390 [2007]*).

84 A.D.3d 959, *; 921 N.Y.S.2d 900, **;
2011 N.Y. App. Div. LEXIS 3971, ***; 2011 NY Slip Op 4053

Although the Supreme Court did not address the issue of whether the appellants raised a potentially meritorious defense, we nevertheless may reach that issue (*see Davidson v Straight Line Contrs., Inc., 75 AD3d 1143, 1144, 905 NYS2d 811 [2010]*; *Mutual Mar. Off., Inc. v Joy Constr. Corp., 39 AD3d 417, 419, 835 NYS2d 88 [2007])*. On their motion to vacate the order, the appellants established the existence of a potentially meritorious defense (*see Hageman v Home Depot U.S.A., Inc., 25 AD3d 760, 761, 808 NYS2d 763 [2006])*, **[***3]** inter alia, by submitting affidavits from the appellant Christine Persaud and her former attorney that she never entered into an   agreement to arbitrate disputes (*see Matter of Commerce & Indus. Ins. Co. v Nester, 90 NY2d 255, 262-263, 682 NE2d 967, 660 NYS2d 366 [1997]*; *Matter of Matarasso [Continental Cas. Co.], 56 NY2d 264, 267-268, 436 NE2d 1305, 451 NYS2d 703 [1982]*; *CPLR 7503 [c]*).

Accordingly, we reverse the order and remit the matter to the Supreme Court, Kings County, for a new determination on the issue of whether the arbitration award should be confirmed. Mastro, J.P., Balkin, Leventhal and Belen, JJ., concur.

# **EXHIBIT I**

### ***MATTER OF KLEIN V PERSAUD,***
**2011 NY SLIP OP 75627(U), (2D DEPÂT 2011).**

<table>
<tr><td align="center">**Matter of Klein v Persaud**</td></tr>
<tr><td align="center">Motion No: 2009-04150</td></tr>
<tr><td align="center">Slip Opinion No: 2011 NY Slip Op 75627(U)</td></tr>
<tr><td align="center">Decided on June 14, 2011</td></tr>
<tr><td align="center">Appellate Division, Second Department, Motion Decision</td></tr>
<tr><td align="center">Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.</td></tr>
<tr><td align="center">This motion is uncorrected and is not subject to publication in the Official Reports.</td></tr>
</table>

Supreme Court of the State of New York

Appellate Division: Second Judicial Department

M121400

E/sl

WILLIAM F. MASTRO, J.P.

RUTH C. BALKIN

JOHN M. LEVENTHAL

ARIEL E. BELEN, JJ.

2009-04150

In the Matter of Abraham Klein,
respondent,

DECISION & ORDER ON MOTION

v Christine Persaud, et al., appellants.

(Index No. 8007/09)

Motion by the respondent, inter alia, for leave to reargue an appeal from an order of the Supreme Court, Kings County, dated May 4, 2009, which was determined by decision and order of this

Court dated May 10, 2011, or, in the alternative, for leave to appeal to the Court of Appeals from the decision and order of this court.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

ORDERED that the motion is denied, with $100 costs.

MASTRO, J.P., BALKIN, LEVENTHAL and BELEN, JJ., concur.

ENTER:

Matthew G. Kiernan

Clerk of the Court